**NOT FOR PUBLICATION**

FILED

MAY 17 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TATIA CALHOUN, | No.    15-56433 |
| Plaintiff-Appellant, | Case No. CV 13-02861-DTB |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
David T. Bristow, Magistrate Judge, Presiding

Submitted May 15, 2018**

Before:      FARRIS, CANBY, and LEAVY, Circuit Judges.

Tatia Calhoun appeals pro se the district court's judgment affirming the

Commissioner of Social Security's denial of her application for supplemental

security income under Titles II and XVI of the Social Security Act.  We have

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g).  We review de novo, *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016), and we affirm.

1.    Waiver

Calhoun waived several issues by failing to raise them in the district court, where she was represented by counsel.  *See Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1007 (9th Cir. 2006).  Calhoun waived her contention that the ALJ did not consider all of the relevant evidence because she did not proffer this argument in the district court.  We note, however, that Calhoun does not identify which evidence the ALJ failed to consider, thus failing to argue the issue "specifically and distinctly," as required to invoke this court's review.  *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008).  Although Calhoun provides a list of references to documents she contends support her arguments, she fails to explain sufficiently how this evidence demonstrates agency error.

Calhoun also waived her assertion that the ALJ should have found her disabled under Listing 1.05(C) of the Listing of Impairments.  Calhoun failed to present this argument to the district court, *see Warre*, 439 F.3d at 1007, and, in any event, did not provide an adequate explanation as to how she meets the criteria for this listing.  *See Carmickle*, 533 F.3d at 1161 n.2.

2

### 2. Additional documents submitted on appeal

Regarding the "Excerpts of Record" Calhoun submitted with her opening brief, we do not consider documents that were not included in the district court record. In the Social Security context, "[c]ourts are authorized to review only the Secretary's final decision, the evidence in the administrative transcript on which the decision was based, and the pleadings." *Russell v. Bowen*, 865 F.2d 81, 84 (9th Cir. 1988). Moreover, several documents included in Calhoun's "Excerpts of Record" postdate the district court's decision, indicating they cannot be documents filed with the district court. Several other documents fall within the appropriate date range but were not included in the district court record. Therefore, we do not consider these documents.

### 3. Medical evidence

The ALJ did not err by discounting treating orthopedic specialist Dr. Sohn's opinion. In his supplemental report, Dr. Sohn expressed doubts concerning his earlier opinions about the extent of Calhoun's symptoms and limitations. Dr. Sohn concluded that the sub rosa video footage of Calhoun in connection with her workers' compensation claim provided "very substantial medical evidence" contradicting Calhoun's assertions. The ALJ properly relied upon Dr. Sohn's most

3

recent opinion from the supplemental report when discounting Dr. Sohn's earlier opinions.

Although Calhoun characterizes the sub rosa tapes as depicting a time when she was "heavily medicated" and "enjoyed a day of bowling with her friends," this description is not supported by the record, which indicates the tapes span several days and show Calhoun taking part in other activities in addition to bowling that contradict her alleged debilitating symptoms. Accordingly, the ALJ properly resolved the conflicts between Dr. Sohn's earlier opinions and the opinion in his supplemental report. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041-42 (9th Cir. 2008).

The ALJ also did not err by discounting treating orthopedic specialist Dr. Bakshian's opinion that Calhoun was "temporarily totally disabled." Dr. Bakshian's opinion was not entitled to significant weight, even though Dr. Bakshian was a treating physician, because the agency "will not give any significance to the source of an opinion on issues reserved to the Commissioner," 20 C.F.R. § 404.1527(d)(3) (2014), including whether a claimant is disabled. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011). The ALJ also permissibly relied upon the fact that Dr. Bakshian's opinion "was not given in a context that demonstrates understanding of Social Security disability programs and their

evidentiary requirements," in accordance with the agency's regulations. *See* 20 C.F.R. § 404. 1527(c)(6); *id.* at § 416.927(c)(6). Calhoun has not carried her burden of showing how any alleged error the ALJ committed by discounting Dr. Bakshian's opinion affected the outcome of the disability decision. *See Garrison v. Colvin*, 759 F.3d 995, 1011 (9th Cir. 2014).

The ALJ did not err by assigning the "most weight" to the opinion of Department of Social Service's Disability Determination Service examining physician Dr. Siciarz. Calhoun does not furnish any evidence for her assertion that there is a "quota system" incentivizing examining physicians to provide opinions that claimants are not disabled. To the extent Calhoun argues the ALJ erred by relying on the opinion of an examining physician, as opposed to that of Calhoun's treating physicians, the ALJ correctly pointed out that Dr. Siciarz's opinion was "the only medical opinion offered within the period under consideration that gives specific limitations." An examining physician's opinion "constitutes substantial evidence, because it rests on [the doctor's] own independent examination of [the claimant]." *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). Therefore, the ALJ's assessment of the medical evidence was formulated with specific and legitimate reasons supported by substantial evidence. *See Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017).

**AFFIRMED.**

5